PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 8 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  FRANCIS OGATA, aka "Bulla"        Case No.  CR 04-00434ACK-01

Name of Sentencing Judicial Officer:   The Honorable Alan C. Kay
Senior U.S. District Judge

Date of Original Sentence:  2/28/2005

Original Offense:     Conspiracy to Possess With Intent to Distribute 5 Grams or More of
Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846,
a Class B felony.

Original Sentence:    The subject was sentenced to twenty-five (25) months
imprisonment and three (3) years supervised release.  The
following special conditions were ordered:  1) That the defendant
participate in a substance abuse program, which may include drug
testing at the discretion and direction of the Probation Office; and
2) That the defendant provide the Probation Office access to any
requested financial information.

Modified Sentence:    On 12/22/2005, a Request for Modifying the Conditions of
Supervision with Consent of the Offender was filed modifying the
conditions of supervision as follows:  3) That the defendant is
prohibited from the possession and consumption of alcohol during
the term of his supervised release.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  8/12/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

4)    *That the defendant shall refrain from any unlawful use of a
controlled substance.  The defendant shall submit to one drug test
within 15 days of the commencement of supervision and at least
two drug tests thereafter but no more than 8 valid drug tests per
month during the term of supervision (mandatory condition).*

Prob 12A
(10/94)

## CAUSE

The subject began his term of supervised release on 8/12/2005. On 12/21/2005, the Court was notified that on 12/11/2005, the subject was arrested for Driving Under the Influence of Alcohol (DUI). The Court was informed that although the subject was arrested for DUI, he was released pending further investigation. With regards to the subject's use of alcohol, the subject signed a waiver and agreed to refrain from the consumption of alcohol. To date, the subject has not been charged with DUI. According to a representative from the Hawaii County Prosecuting Attorney's Office, due to evidentiary problems, it is unlikely that the subject will be prosecuted.

This report concerns the following conduct:

On 4/20/2006, the subject provided a urine specimen at DASH which tested positive for methamphetamine with a non-instrumented drug testing device (NIDTD). Because positive results with a NIDTD are considered "presumptive" positive results, the urine specimen was sent to Quest Diagnostics for confirmation. Later that same day, the subject contacted this officer and reported that on or about 4/18/2006, he met an old friend who offered him methamphetamine. The subject stated that he could not resist the temptation and smoked several "hits of ice." He acknowledged that it was a mistake but noted that he has not used any illegal substances since that night. The subject further indicated that he is willing to continue with drug treatment and testing.

On 5/2/2006, Quest Diagnostics confirmed that the urine specimen provided by the subject on 4/20/2006 was positive for methamphetamine.

On 5/2/2005, a representative at DASH was contacted. The representative recommended that the subject be allowed to continue with weekly individual counseling sessions at DASH and begin attending 2 Alcohol/Narcotics Anonymous (AA/NA) meetings per week.

Given the subject's desire to address his drug addiction, it is respectfully recommended that the Court take no action on the violation at this time. The subject will continue with drug treatment and testing at DASH and attend two NA meetings per month. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The subject has a substantial history of drug abuse that includes smoking marijuana, cocaine and methamphetamine. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Prob 12A
(10/94)

3

      Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives his right to a hearing and to assistance of counsel.  The subject agrees to the modification of the conditions of supervised release.  The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date:  5/5/2006

THE COURT ORDERS:

[ ]    No Action
[ ]    The Extension of Supervision as Noted Above
[✓]    The Modification of Conditions as Noted Above
[ ]    Other

ALAN C. KAY
Senior U.S. District Judge

5/5/06
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.

[ X ]  To modify the conditions of supervision as follows:

4      That the defendant shall refrain from any unlawful use of a  controlled
       substance. The defendant shall submit to one drug test within 15 days of the
       commencement of supervision and at least two drug tests thereafter but no
       more than 8 valid drug tests per month during the term of supervision
       (mandatory condition).

Witness: _____                   Signed: _____
              BRIAN HYATT                                          FRANCIS OGATA
Drug Addiction Services of Hawaii Counselor                    Supervised Releasee

                            _____
                                  5/4/06
                                   Date